IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CLARENCE W. BILBREW,  §
TDCJ-CID NO.882188,  §
            Plaintiff,  §
v.  §          CIVIL ACTION NO. H-05-1598
  §
GARY JOHNSON, *et al.*,  §
  §
            Defendants.  §

## OPINION ON REMAND

Plaintiff Clarence W. Bilbrew appealed the dismissal of his complaint filed pursuant to 42 U.S.C. § 1983. The United States Court of Appeals determined plaintiff's final day for filing a timely notice of appeal was September 21, 2005. The Court of Appeals noted that plaintiff's *pro se* notice of appeal was dated September 21, 2005, but stamped as filed on September 29, 2005. Therefore, the Court of Appeals could not determine if plaintiff had timely filed the notice of appeal by depositing it in the prison mail system on or before September 21, 2005. The Court of Appeals remanded the case to this court for a determination of when plaintiff placed his notice of appeal in the prison mail system. (Docket Entry No.23).

This Court ordered plaintiff to submit an affidavit stating when he put his notice of appeal in the prison mail system and any papers supporting his affidavit. The Court also ordered the mailroom supervisor of the TDCJ-CID Dalhart Unit to submit a

certified copy of the legal mail log covering any legal papers submitted to the prison mail room by plaintiff during September, 2005.  (Docket Entry No.25).

In his "Affidavit on NOA from Solitary Confinement with Supporting Proofers and Pleadings," plaintiff states that he submitted the notice of appeal to security staff on the date that he signed the notice.  (Docket Entry No.27).  Plaintiff states Mike L. Shedeck, the Law Librarian Supervisor, came to pre-hearing detention, upon plaintiff's request, to help him obtain a certified copy of his inmate trust fund account statement.  Shedeck could not process plaintiff's request because plaintiff's identification card had been confiscated.  Plaintiff indicates that he and Shedeck determined that plaintiff should file the notice of appeal without the trust fund statement so that plaintiff would meet the appellate deadline in this case.  Plaintiff claims because he was in solitary confinement and unable to physically deposit the notice of appeal in the prison mail box, he gave the notice of appeal to prison officials on the day that he signed it.  He does not know when the notice reached the prison mail room.  (Docket Entry No.27).

Court records show that plaintiff's notice of appeal was dated Wednesday, September 21, 2005.  (Docket Entry No.13).  His application to proceed as a pauper was dated September 20, 2005.  (Docket Entry No.14).  Both documents were filed in this Court on

2

September 29, 2005. (Docket Entries No.13, No.14). Court records also show that plaintiff's record release authorization and his inmate trust fund account statement were dated September 22, 2005. (Docket Entry No.15). They were both filed in this Court on October 3, 2005. (Id.).

The certified mailroom log for September, 2005, submitted by Terry Buck, the Mailroom Supervisor at the Dalhart Unit indicates that the Dalhart Unit mailroom handled two envelopes addressed to the Clerk of this Court from plaintiff on Monday, September 26, 2005, and two envelopes on Thursday, September 29, 2005. (Docket Entry No.26). It is unclear from the log whether the envelopes addressed to the Court were deposited in the prison mail system on September 26th and 29th or whether the envelopes were deposited in the United States mail on those days.

Based on the foregoing, the Court determines from a preponderance of the evidence that plaintiff, who at the time was held in administrative segregation, delivered his notice of appeal to prison officials at the Dalhart Unit for mailing to the Clerk of this Court on Wednesday, September 21, 2005. Because plaintiff at the time was in administrative segregation, and therefore, did not have access to the prison mailbox, his delivery to the prison official who took the notice of appeal from him on September 21, 2005, constituted an effective filing of the notice of appeal.

In accordance with the Order of the Court of Appeals (Docket Entry No.23), the Clerk shall return this case to the Fifth Circuit Court of Appeals for further proceedings or dismissal, as appropriate. The Clerk shall also provide copies of this Opinion to the parties.

Signed _____, 2006, at Houston, Texas.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4